Hill v. Barnhart Doc. 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

SAN JUAN HILL,

                Plaintiff,

     -against-                         MEMORANDUM AND ORDER
                                            05-CV-2188 (NGG)

JO ANNE BARNHART, Commissioner
of Social Security,

                Defendant.
----------------------------------------------------------x
GARAUFIS, United States District Judge.

     Plaintiff, appearing *pro se,* brings this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the complaint for the reasons stated below.

## Background

     Although plaintiff's complaint is far from a model of clarity, it appears that plaintiff was denied social security benefits. Plaintiff states:

> First [the Commissioner] should redo everything I should have received like my past money benefits. I should be able to get off welfare completely so that I can live a free life not having to go running around from doctor to doctor and know I'm not going to get a doctor's note proving I need Social Security. I would automatically receive it . . . All the benefits, food stamps, medical assistance to cure my condition like it should have been in the beginning.

Complaint at 5. Plaintiff requests monetary damages in the amount of $75,000.00.

## Standard of Review

     Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

1

Discussion

In reviewing plaintiff's complaints, the Court is mindful that because plaintiff is proceeding *pro se* her submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); accord Lerman v. Bd. of Elections, 232 F.3d 135, 140 (2d Cir. 2000). Plaintiff purports to bring this complaint pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. However, neither § 1331 nor § 1983 is a proper basis for this action. This Court interprets plaintiff's complaint, to the extent it asserts a violation of plaintiff's constitutional rights, as an action arising pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

The Supreme Court has limited the remedies for denial of social security benefits to those specifically provided for in the Social Security Act. Plaintiff may not bring a claim for money damages resulting from alleged unconstitutional conduct by the agency in adjudicating her claim for benefits. In Schweiker v. Chilicky, 487 U.S. 412 (1988), the Supreme Court considered whether a Bivens remedy existed for alleged due process violations in the denial of social security disability benefits. The Court stated that "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional Bivens remedies." Id. at 423. The Schweiker Court determined that Congress provided comprehensive administrative remedies for challenges to social security administration actions, including an internal appeal process and eventual access to the district courts, and thus precluded a Bivens remedy for an alleged constitutional tort. Id. at 424; see also Dotson v. Griesa, 398 F.3d 156 (2d Cir. 2005) (comprehensive remedial scheme established by the Civil Service Reform Act precluded former probation officer from challenging his termination through Bivens action for money damages).

2

Moreover, the Social Security Act requires that a complaint challenging a final decision of the Commissioner be filed within 60 days of the claimant's receipt of the Commissioner's right to sue letter. 42 U.S.C. § 405 (g). Section 405 (g) provides the exclusive avenue for judicial review of a denial of claimed benefits. Weinberger v. Salfi, 422 U.S. 749, 757 (1975); 42 U.S.C. § 405 (h). In addition, the Social Security Act "makes no provision for remedies in money damages against official responsible for unconstitutional conduct that leads to the wrongful denial of benefits." Scheiker, 487 U.S. at 424.

Here, plaintiff submits the decision of the Appeals Council which denied plaintiff's request for review on May 23, 2003. See Action of Appeals Council on Request for Review ("Right to sue letter") dated May 23, 2003, annexed to plaintiff's complaint. Plaintiff filed the instant action almost two years after receiving the right to sue letter. Furthermore, plaintiff has previously challenged the Commissioner's denial of benefits. See Hill v. Commissioner, 03-cv-4345 (NGG). In that prior action, plaintiff submitted the same right to sue letter, dated May 23, 2003, that she now submits. By order dated July 9, 2004, that complaint was dismissed for lack of subject matter jurisdiction after plaintiff was afforded an opportunity to show whether any circumstances exist that warrant equitable tolling.[1] Plaintiff's appeal of that decision to the Second Circuit was dismissed by Mandate dated February 23, 2005. See Mandate, annexed to plaintiff's complaint. Therefore, to the extent plaintiff is seeking to review the Commissioner's decision her complaint is dismissed. Plaintiff cannot relitigate claims that have already been considered and dismissed by both this Court and the Second Circuit Court of Appeals.

---

[1] Since the prior complaint was dismissed for lack of subject matter jurisdiction, and therefore was not a disposition on the merits, it has no *res judicata* effect. See St. Pierre v. Dyer, 208 F.3d 394, 400 (2d Cir. 2000); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996).

<u>Conclusion</u>

Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915 (e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 19, 2005 　　　　　　　　　　　\_\_\_\_\_/s/_____
　　　　Brooklyn, N.Y. 　　　　　　　　　　Nicholas G. Garaufis
　　　　　　　　　　　　　　　　　　　　　United States District Judge